**Electronically Filed
Intermediate Court of Appeals
30486
12-JUN-2013
08:54 AM**

NO. 30486

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DAN Y.W. AU HOY, Plaintiff-Appellee,
v.
TIFFINIE RACHELLE AU HOY, Defendant-Appellant.


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 09-1-1062)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Tiffinie Rachelle Au Hoy, aka
Tiffinie Rachelle Walters, *pro se* (Mother), appeals from the
"Decree Granting Absolute Divorce and Awarding Child Custody"
(Divorce Decree) entered on February 4, 2010 in the Family Court
of the First Circuit[1] (family court).  The Divorce Decree
(1) dissolved the marriage between Mother and Plaintiff-Appellee
Dan Yen Wha Au Hoy (Father), (2) awarded sole physical and legal
custody of minor son (Son) to Father, (3) awarded monthly child
support of $410 to Father, (4) awarded no spousal support, and
(5) divided and distributed Mother and Father's property and
debts.

---

[1]  The Honorable Paul T. Murakami presided.

On appeal, Mother appears to raise the following points of error[2]:

(1) The family court abused its discretion in awarding sole physical and legal custody to Father based on evidence provided by Prathiba Eastwood, PhD. (Dr. Eastwood); Custody Evaluator Thomas Haia (CE); and John Wingert, PhD. (Dr. Wingert).

(2) The family court abused its discretion in awarding monthly child support to Father.

(3) The family court abused its discretion when it denied Mother's demand for discovery.

(4) The family court abused its discretion in ordering Mother to reimburse Father $10,000 of the $20,000 she withdrew from the parties' joint bank account.

(5) The family court abused its discretion when it denied Mother's November 3, 2009 oral motion to continue the trial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Mother's points of error as follows:

(1) The family court did not abuse its discretion in awarding sole physical and legal custody to Father based on evidence provided by Dr. Eastwood, the CE, and Dr. Wingert. In

---

[2] Mother fails to comply with HRAP Rule 28(b) in several respects. Mother fails to include a Statement of Points of Error and Standards of Review, to identify Findings of Fact (FOFs) or Conclusions of Law (COLs) objected to, to cite to the record, to identify legal authorities relied on, and to provide a transcript of the November 9 and 10, 2009 trial on which the FOFs and COLs were based, as well as from which the Divorce Decree emanated. She also fails to provide a Statement of Jurisdiction, in violation of HRAP Rule 12.1. Mother also attached numerous documents to her opening brief that were not part of the record on appeal, in violation of HRAP Rule 28(b)(10). Insofar as any appendices are not part of the record, they are disregarded. In spite of the numerous violations, we nevertheless attempt to review this case for any meritorious claims. See Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995).

the first paragraph of Mother's opening brief, she "challenges the overtly biased CE report"; "the testimony offered by [Dr. Eastwood], who spoke beyond her area of expertise and training"; and the "[p]sychological [e]valuation offered by [Dr. Wingert], who bases his recommendations on a mood disorder that was never diagnosed."

Father offered the CE report and Dr. Wingert's psychological evaluations of Mother and Father into evidence as Exhibit No. 29 on November 9, 2009. The family court received the report and evaluations with no objection by Mother. "The general rule is that an issue which was not raised in the lower court will not be considered on appeal. An appellate court will deviate from this rule only when justice so requires." Hong v. Kong, 5 Haw. App. 174, 177, 683 P.2d 833, 837 (1984) (internal citations omitted). Here, justice does not require us to deviate from this rule.

The family court received Dr. Eastwood's curriculum vitae into evidence, again with no objection, as Father's Exhibit No. 30. Because Mother failed to provide a copy of the transcript of the November 9 and 10, 2009 trial, we do not know in what capacity Dr. Eastwood testified. "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (citation, internal quotation marks and brackets omitted). Without the transcript of the November 9 and 10, 2009 trial, we have no basis upon which to review Mother's contention that the family court abused its discretion in admitting the reports and testimony on which, among other things, it based its award of custody to Father.

(2) Mother fails to make any argument regarding the award of monthly support to Father in her opening or reply brief.

3

An appellate court "may disregard a particular contention if the appellant makes no discernible argument in support of that position." In re Guardianship of Carlsmith, 113 Hawai'i 236, 246, 151 P.3d 717, 727 (2007) (citation, internal quotation marks, and brackets omitted); see also Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7) ("Points not argued may be deemed waived."). Thus, Mother's monthly support claim is deemed waived.

(3) Mother also fails to make any argument regarding her assertion that she was denied her demand for discovery. Because Mother makes no discernible argument, this point is waived. In re Guardianship of Carlsmith, 113 Hawai'i at 246, 151 P.3d at 727; HRAP Rule 28 (b)(7).

(4) The family court did not err in ordering Mother to reimburse Father $10,000 of the $20,000 she withdrew from the parties' joint bank account. Mother states only that she "disputes having to pay $10,000 to [Father] for money she withdrew from one of the bank accounts[,]" and she "requests relief from the imposed $10,000 payment to [Father] since most, if not all, of those funds were used directly for [Son's] care." Mother cites to no facts established in the record or legal authority to support her objection to the reimbursement requirement. As previously indicated, points not argued are waived.

(5) The family court did not abuse its discretion when it denied Mother's November 3, 2009 oral motion to continue the trial. On July 30, 2009, the family court set trial for the week of November 9, 2009. Mother's former counsel filed a motion on October 9, 2009 for leave to withdraw as counsel and to continue trial to give Mother time to secure substitute counsel. Counsel indicated that she and her firm were notified on October 1, 2009, of their discharge as Mother's counsel. On October 21, 2009, new counsel filed a notice of appearance with the family court,

4

"provided that the trial date herein is continued[.]" On October 22, 2009, the family court granted the former counsel's motion for leave to withdraw as counsel, but denied the request to continue the trial date. New counsel was present at the October 22, 2009 hearing. Thereafter, Mother was represented at trial by new counsel and does not assert or demonstrate any particular prejudice from having new counsel represent her at trial. "[I]t is well-established that the granting or denial of a continuance is a matter that is addressed to the sound discretion of the trial court and is not subject to reversal on appeal absent a showing of abuse." Kam Fui Trust v. Brandhorst, 77 Hawai'i 320, 324, 884 P.2d 383, 387 (App. 1994) (citation and internal quotation marks omitted). Here, Mother has not established an abuse of discretion by the family court.

Therefore,

IT IS HEREBY ORDERED that the "Decree Granting Absolute Divorce and Awarding Child Custody" entered on February 4, 2010, in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 12, 2013.

On the briefs:

Tiffinie Walters
fka Tiffinie Au Hoy
Defendant-Appellant Pro Se

Paul A. Tomar
Lynne Jenkins McGivern
Jill M. Hasegawa
(Ashford & Wriston)
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

5